**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10987

Non-Argument Calendar

_____

JESSICA GUASTO,

*Plaintiff-Appellant,*

*versus*

THE CITY OF MIAMI BEACH, FLORIDA,
a Florida municipality,
RICHARD M. CLEMENTS,
in his individual capacity,
STEVEN COSNER,
in his individual capacity,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-21004-MD

_____

Before ABUDU, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jessica Guasto[1] appeals the district court's grant of summary judgment to Defendant-Appellee City of Miami Beach, Florida (the City) on her retaliation claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §§ 509.092, 760.01 *et seq.* On appeal, she contends that the district court erred in granting summary judgment in the City's favor because she established that the City's reasons for terminating her were pretextual and because she established a convincing mosaic of retaliatory animus motivated her termination. After careful review, we affirm.

## I.

We review a district court's grant of summary judgment de novo. *Ismael v. Roundtree*, 161 F.4th 752, 758 (11th Cir. 2025). A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the record, we view all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *Ismael*, 161 F.4th at 758. But a "mere

---

[1] On appeal, Guasto notes that her last name is now Salabarria. But because her appeal is filed under Guasto and the documents presented to the district court use Guasto and Salabarria interchangeably, we will use Guasto.

scintilla of evidence" will not prevent the moving party from suc-ceeding at summary judgment. *Id.* (quotation marks omitted). Parties cannot rely on "mere allegations or denials," and must sup-port their responses with "specific facts." *Walker v. Darby*, 911 F.2d 1573, 1576–77 (11th Cir. 1990). Inferences must "be based only on evidence—not on speculation." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023) (quotation marks omitted).

## II.

To bring a Title VII and FCRA[2] retaliation claim, a plaintiff must first establish a prima facie case, which requires a showing that (1) she engaged in a protected activity; (2) she suffered an ad-verse employment action; and (3) there is a causal connection be-tween the protected activity and the adverse action. *Knox v. Roper Pump Co.*, 957 F.3d 1237, 1244 (11th Cir. 2020). If a plaintiff is at-tempting to prove her claim with circumstantial evidence, we ap-ply the *McDonnell Douglas*[3] burden shifting framework, *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1267 (11th Cir. 1999), or the convincing mo-saic standard, *Berry*, 84 F.4th at 1310.

Under the burden shifting test, if the employee satisfies her prima facie burden, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the adverse action.

---

[2] We apply the Title VII standards to the Florida Civil Rights Act (FCRA) be-cause it is based on Title VII. *See Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020) (per curiam).

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*Ismael*, 161 F.4th at 759.  If the employer provides evidence that it had a legitimate reason for taking adverse action against the plaintiff, the *McDonnell Douglas* framework "'simply drops out of the picture.'"  *Id*. at 764 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).  At that point, the court must determine whether "the record, viewed in a light most favorable to the plaintiff, presents a convincing mosaic of circumstantial evidence that would allow a jury to infer" that the decisionmaker intentionally discriminated or retaliated against the plaintiff.  *Id*. (quotation marks omitted).

Alternatively, a plaintiff may establish a "convincing mosaic" by pointing to evidence that demonstrates, among other things: (1) suspicious timing, ambiguous statements, or other information from which retaliatory intent might be inferred; (2) "systematically better treatment of similarly situated employees"; and (3) "the employer's justification is pretextual."  *Id*. at 760 (quotation marks omitted).  Pretext may also be established by showing that an employer did not follow its normal procedures in terminating the plaintiff's employment.  *See Morrison v. Booth*, 763 F.2d 1366, 1374 (11th Cir. 1985).

Before addressing the merits, the City argues that Guasto forfeited her argument that Chief Clements engaged in a "misinformation campaign" or that the City never conditioned a Last Chance Agreement (LCA) on an employee releasing an EEOC

charge.[4]  Parties may waive or forfeit positions and issues on ap-
peal.  *Gould v. Interface, Inc.*, 153 F.4th 1346, 1354 (11th Cir. 2025).
Importantly, "it is issues, not arguments in support of those issues,
that can be forfeited if not raised" before the district court.
*McCreight v. AuburnBank*, 117 F.4th 1322, 1337 (11th Cir. 2024).
Thus, if an issue is properly presented, a party can make any argu-
ment to support that issue.  *Gould*, 153 F.4th at 1354.  "[P]arties are
not limited to the precise *arguments* they made below."  *Id.* (quota-
tion marks omitted).

Here, the City is mistaken.  At the district court, Guasto spe-
cifically discussed the Chief of Police's attempts to get her to drop
the 2020 July charge, which she now characterizes as a "misinfor-
mation campaign."  And Guasto argued that the City engaged in
retaliatory animus when it terminated her employment, and that
there were no other LCAs premised on the dismissal of EEOC
charge is an argument in support of that issue.  *See Gould*, 153 F.4th
at 1354.  Thus, Guasto has not forfeited her claim.

Turning to the merits, Guasto asserts that she has presented
sufficient evidence that showed the City retaliated against her.  Spe-
cifically, she argues that the City retaliated when it forced her to

---

[4] The City also faults Guasto for arguing that there was sufficient evidence for
the claims to go to a jury trial when Gustavo had waived her right to jury trial.
We decline to affirm on this reason alone because Guasto's argument focused
on whether there was sufficient evidence to establish pretext to move past the
summary judgment stage.

sign an LCA that required her to dismiss her EEOC charge.[5]  But as the district court correctly noted, that argument lacks context as to what led to the LCA.  After engaging in and admitting to misconduct that led to an internal affairs investigation and could have resulted in Guasto's termination, the City conditioned Guasto's continued employment on her signing the LCA.  The LCA changed Guasto to an at-will employee, explaining that she could be fired for policy violations.  When she signed the LCA, Guasto was represented by two attorneys and her union representative.  On the first day she returned to work, she again failed to do her job duties, including giving out assignments and being in her assigned area, and then lying about why she wasn't there.  Guasto's remaining contentions about the events leading to her termination after she signed the LCA rests on pure speculation, which is legally insuffi-

---

[5] Guasto relies heavily on this court's decision in *Knox v. Roper Pump Co.*, 957 F.3d 1237 (11th Cir. 2020) to argue that conditioning her employment on signing the LCA is enough to establish pretext.  Guasto's argument is misplaced. In *Knox*, the employer terminated the employee for refusing to sign the LCA and we said that "a plaintiff could establish a causal connection between the protected activity and termination when an employer responds to an employee's discrimination complaint by conditioning the employee's continued employment on a release of claims and then fires the employee for rejecting the release."  957 F.3d at 1246.  But here, Guasto was not fired for failure to sign the LCA; she accepted the terms of the LCA and began work as an at-will employee.  She was then fired for her conduct at work, which violated the City's policies.

cient to establish that the City's reason for terminating her was pretext for retaliation. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

Thus, the district court did not err in granting summary judgment for the City on Guasto's retaliation claims because she failed to present a convincing mosaic of retaliatory animus underlying her termination as her arguments are speculative and unsupported by the record evidence.

**AFFIRMED.**